IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 21-105 |
| | ) | |
| YARELIS GARCIA CORRETJER | ) | |

**ORDER OF COURT**

AND NOW, this 27th day of July, 2023, upon consideration of the pretrial motions filed by Defendant Yarelis Garcia Corretjer for which no hearing was required, (Docket Nos. 113, 114), and the Government's Omnibus Response thereto, (Docket No. 117 at 17-22), IT IS HEREBY ORDERED as follows:

1. Defendant's Motion for Discovery, (Docket No. 113), is denied as moot and/or as premature and without prejudice, the Government having provided the requested information as set forth in its Response, and further having indicated that it intends to adhere to its ongoing obligations at the appropriate times under Federal Rule of Criminal Procedure 16,[1] *Brady/Giglio*[2] and Jencks. (*See* Docket No. 117 at 17-20).

---

[1] As to Defendant's request for reports of examinations and tests under Rule 16, the Government submits that it already has provided reports of examination of the narcotics in this case, and otherwise has provided the material responsive to requests (a) – (d) and (g) in Section C of Defendant's Motion. (Docket No. 117 at 19, 20). The items referenced in requests (e) and (h) do not exist. (*Id.* at 20). The Government has not yet identified a narcotics expert, but intends to do so if the case proceeds to trial. (*Id.* at 19). The Government acknowledges its obligation to provide an expert disclosure and has committed to do so in accordance with the Court's pretrial order. (*Id.*).

[2] As set forth in the Government's Response, it already has provided and intends to continue to provide any actual exculpatory information that may exist and has not already been disclosed. (Docket No. 117 at 17-18). Further, to the extent that impeachment evidence exists for its witnesses, the Government acknowledges its obligations and submits that it will provide any such information sufficiently in advance of trial for Defendant to make effective use of it. (*Id.* at 19).

Moreover, the Court will set deadlines for the disclosure of *Brady/Giglio* impeachment materials in the pretrial order, and otherwise lacks the authority to order the production of Jencks Act material until after a Government witness testifies on direct examination.[3]

2. Defendant's Motion to Produce Evidence the Government Intends to Use Under Federal Rules of Evidence 404(b) and 609, (Docket No. 114), is denied as premature and without prejudice, as the Court will set deadlines for the disclosure of this material in the pretrial order.[4]

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record

---

[3]  The Court notes that Defendant has requested the production of all witness statements, including Jencks material.  (*See* Docket No. 113 at 6, request (f)).  The Jencks Act and Federal Rule of Criminal Procedure 26.2 provide that after a Government witness testifies on direct examination, and upon motion by the defendant, the Government must produce any statement of the witness in the possession of the United States that relates to the subject matter as to which the witness has testified.  18 U.S.C. § 3500(b); Fed. R. Crim. P. 26.2(a); *United States v. Weaver*, 267 F.3d 231, 245 (3d Cir. 2001).  As such, "the government has no obligation to produce Jencks material until the witness has testified."  *United States v. Maury*, 695 F.3d 227, 248 (3d Cir. 2012).  Nevertheless, in this case, the Government indicates that it will disclose Jencks material "sufficiently in advance of trial so as to avoid delay."  (Docket No. 117 at 20).  Therefore, when a pretrial order is issued in this case, the Court will encourage the Government to provide Jencks material prior to the pretrial conference.  *See Maury*, 695 F.3d at 248 n.18 ("Despite this limitation, many federal prosecutors routinely turn over Jencks material a few days before the witness testifies.").

[4]  The Government has committed to provide any applicable Rule 404(b) notice at least three weeks prior to trial.  (*See* Docket No. 117 at 20, 22).  Such notice is more than sufficient in light of case law interpreting the rule.  *See United States v. Long-Parham*, 183 F. Supp. 3d 746, 750 (W.D. Pa. 2016) ("Courts that have considered what constitutes 'reasonable notice' have concluded that notice of intent to use Rule 404(b) evidence seven to ten days prior to trial is sufficient.") (citations omitted).  Furthermore, the Government has committed to provide any required notice under Rule 609(b) at least three weeks prior to trial,  (*see* Docket No. 117 at 20, 22), which is adequate in light of the rule's requirement that the Government must provide "reasonable written notice" of its intent to use evidence of a conviction more than ten years old.  *See* Fed. R. Evid. 609(b)(2).