IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | )  Criminal No. 21-105 |
| YARELIS GARCIA CORRETJER, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER OF COURT**

Presently before the Court is Defendant Yarelis Garcia Corretjer's Motion to Modify Condition of Release, wherein she requests permission to travel to Puerto Rico, which is opposed by the Government. (Docket Nos. 163, 166). After careful consideration of the parties' positions, Defendant's Motion will be denied.

**I.    PROCEDURAL HISTORY**

Defendant and her co-defendant, Reyelin Abreu Vasquez, initially were charged in a criminal complaint with violating federal controlled substance law. (Docket No. 2). Following a detention hearing, Defendant was released on a $25,000 unsecured appearance bond with conditions. (Docket Nos. 26, 27). Relevant here, Defendant's bond conditions restrict travel to the Eastern District of Pennsylvania and this District, for Court purposes only. (Docket No. 27, ¶ 7(f)).

On March 16, 2021, Defendant and Abreu Vasquez were charged in a two-count Indictment with conspiracy to possess with intent to distribute 400 grams or more of fentanyl, in violation of 21 U.S.C. § 846, and possession with intent to distribute 400 grams or more of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(vi), both for conduct occurring

1

on or about September 16, 2020.  (Docket No. 43).  Defendant subsequently was arraigned and pled not guilty to the charges.  (Docket Nos. 48, 49).

Ultimately, Defendant and Abreu Vasquez filed Motions to Suppress Evidence, (Docket Nos. 103, 115), which were the subject of a hearing and subsequent briefing.  After the Court denied the Motions to Suppress, (Docket Nos. 132, 133), Defendant and the Government engaged in plea negotiations.  On January 17, 2024, Defendant pled guilty pursuant to a plea agreement to a lesser included offense at Count of the Indictment, that is, conspiracy to possess with intent to distribute 40 grams or more of fentanyl, in violation of 21 U.S.C. § 846.  (Docket Nos. 153-1, 155).  She also pled guilty to a lesser included offense at Count Two, that is, possession with intent to distribute 40 grams or more of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi).  (*Id.*).  At the conclusion of the change of plea hearing, the Government did not object to Defendant's continuation on bond pending sentencing, and the Court permitted Defendant to remain on bond.  (Docket No. 153).  Sentencing is scheduled to occur on May 21, 2024.  (Docket No. 156).

Defendant now moves to modify the condition of her bond restricting travel to the Eastern and Western Districts of Pennsylvania and requests permission to travel to Puerto Rico for a week later in March 2024 to visit family and to introduce them to her recently born child.  (Docket No. 163, ¶ 3).  According to the Motion, the United States Probation Office in both Districts do not oppose Defendant's request.  (*Id.*, ¶ 4).  However, the Government opposes Defendant's Motion, arguing that she is a potential flight risk given that she faces an advisory guideline range of 18-24 months' imprisonment, which is a serious sentence for an individual who has never been incarcerated to date.  (Docket No. 166 at 1).  The Government submits that the potential flight risk is too great for it to agree to recreational travel outside of the continental United States that was

2

not contemplated at Defendant's change of plea hearing, when the Government agreed not to request that she be detained pending sentencing. (*Id.*).

## II.     ANALYSIS

Initially, in analyzing Defendant's request to travel outside of the continental United States after having been found guilty of the controlled substance offenses to which she pled guilty, the Court cannot ignore that such an individual is subject to mandatory detention pending sentencing under § 3143(a)(2) of the Bail Reform Act. Pursuant to that provision, a defendant who has been found guilty of a controlled substance offense for which the maximum term of imprisonment is ten years or more must be detained pending imposition or execution of sentence unless: (1) the Court finds there is a substantial likelihood that a motion for acquittal or a new trial will be granted **or** Government counsel recommends that no sentence of imprisonment be imposed on the person; **and** (2) the Court finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community. *See* 18 U.S.C. § 3143(a)(2)(A) and (a)(2)(B) (emphasis added).

Here, Defendant's controlled substance offenses carry a minimum term of five years and a maximum term of forty years' imprisonment, (*see* 21 U.S.C. § 841(b)(1)(B)(vi)), and there is no argument for acquittal, nor does it appear that the Government will recommend that no sentence of imprisonment be imposed on Defendant. (*See* Docket No. 166 at 1) (stating that "[t]he Defendant faces a serious sentence, particularly for an individual who has never been incarcerated before"). Consequently, under § 3143(a)(2), Defendant was subject to bond revocation when the Court found her guilty of the offenses to which she pled guilty at the hearing on January 17, 2024. Nevertheless, the Court permitted Defendant's continued release on bond given that the Government did not request detention pending sentencing and considering that she may qualify

for application of the safety valve, 18 U.S.C. §§ 3553(f)(1)-(5), which would permit the Court to impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence.  (*See* Docket No. 153-1, ¶ B.4).

Although the Court made an exception and permitted Defendant's continued release on bond pending sentencing, the Court is not convinced that she now should be permitted to travel outside of the continental United States as she requests.  In seeking to travel to Puerto Rico, Defendant's counsel submits that it is his "understanding that [she] has complied with all conditions of her release," and notes that home detention and location monitoring conditions previously were eliminated, thus suggesting that her request to travel should not be problematic. (Docket No. 163, ¶ 2).  While it is laudable that Defendant has complied with her bond conditions, the Court believes that the existing travel condition is the least restrictive condition to address the risk of non-appearance presented considering the current posture of this case.  *See* 18 U.S.C. § 3142(c)(1)(B)(iv) (explaining that the Court shall order a person's pretrial release subject to the least restrictive conditions that will reasonably assure the appearance of the person as required "which may include the condition that the person . . . abide by specified restrictions on . . . travel"). To summarize, following her guilty plea, Defendant was found guilty of two very serious federal drug trafficking offenses, for which she admitted that she was responsible for 363 grams of fentanyl.  (Docket No. 153-1, ¶ C.2).  Defendant now faces a significant sentence – not less than five years' imprisonment by statute – but may qualify for the safety valve, which would permit the Court to sentence her in accordance with the advisory guidelines range, estimated to be 18-24 months' imprisonment according to the Government.  As the Government correctly observes, even a potential sentence under the advisory guidelines is particularly significant for an individual, like Defendant, who has never been incarcerated.

In this Court's estimation, the conditions of Defendant's release on bond are narrowly tailored to the specific circumstances of her case. Specifically, the existing travel condition is the least restrictive means to accomplish the objective of reasonably assuring Defendant's appearance as required at judicial proceedings. *See* 18 U.S.C. § 3142(c)(1)(B)(iv). While the Court commends Defendant for doing well thus far while on bond, and appreciates her desire to visit with her family, the Court believes allowing Defendant to travel to Puerto Rico - a destination where she has substantial family ties[1] - would create an unnecessary risk of flight at this stage of the proceedings.

### III. CONCLUSION

For the reasons detailed herein, the Court concludes that the circumstances of this case do not warrant a modification of Defendant's condition of release restricting travel to the Eastern and Western Districts of Pennsylvania. Accordingly, Defendant's Motion requesting permission to travel to Puerto Rico is denied.

An appropriate Order follows.

### ORDER OF COURT

AND NOW, this 5th day of March, 2024, for the reasons set forth in the Memorandum above, IT IS ORDERED that Defendant's Motion to Modify Condition of Release to permit travel to Puerto Rico, (Docket No. 163), is DENIED.

> *s/ W. Scott Hardy*
> W. Scott Hardy
> United States District Judge

cc/ecf:  All counsel of record

United States Pretrial Services

---

1  According to the Pretrial Services Report prepared in this case, Defendant's father, mother, and sister reside in Puerto Rico.